HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZACHARY ENSLOW,

        Plaintiff,

  v.

WASHINGTON STATE,

        Defendant.

CASE NO. C18-5078RBL

ORDER DENYING IFP

THIS MATTER is before the Court on plaintiff Enslow's Motion for Leave to Proceed *in forma pauperis*, supported by his proposed complaint. [Dkt. #s 1 and 4]. This is Enslow's third attempt to sue the State and various state employees for what he claims was unconstitutional pre-trial incarceration in 2015. Enslow was ultimately acquitted.

He first sued in 2016 (*Enslow v Washington*, Cause No. 16-cv-5497RBL). He filed three complaints but none stated a plausible claim and the matter was dismissed without prejudice. [*See* Dkt. #s 12 and 15 in that case.] He sued again in 2017 (*Enslow v. Washington*, Cause No. 17-cv-5031RBL), and his IFP application was denied for failure to state a plausible claim, even after he filed three complaints in that case. The Court Ordered Enslow to file an additional

amended complaint addressing various deficiencies within 21 days, but he did not do so. The cased was dismissed, again without prejudice. [*See* Dkt. #s 14 and 15 in that case.]

Enslow has now filed a third case, claiming that he was "enslaved" and wrongly incarcerated:





[Dkt. #1 at 5]

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

1    A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it
2    must nevertheless contain factual assertions sufficient to support a facially plausible claim for
3    relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell
4    Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A
5    claim for relief is facially plausible when "the plaintiff pleads factual content that allows the
6    court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
7    *Iqbal*, 556 U.S. at 678.

8    Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint
9    in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995
10   (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo
11   review, that the complaint could not be saved by any amendment.")

12   Enslow's current (at least seventh) attempt to articulate a claim meeting this plausibility
13   standard does not do so, as a matter of law. He has not addressed any of the deficiencies pointed
14   out in his prior cases. The fact that he was acquitted is not enough to plausibly claim that his
15   arrest or pretrial incarceration was unconstitutional or otherwise actionable. He has not named or
16   sued any individual, or described any set of facts amounting to a plausible claim against any
17   unnamed individual. He has not plausibly stated a claim against "the state" under §1983 or
18   otherwise for what he presumably claims are violations committed against him by "persons"
19   acting under color of state law.

20   The Motion for Leave to Proceed in forma pauperis is therefore DENIED. Enslow shall
21   pay the filing fee or submit a proposed amended complaint addressing these deficiencies within
22   21 days or this matter will be dismissed. Any amended complaint should address the "who what
23   when where why and how" of his claim, including the claimed deficiencies in the investigation

and prosecution. Enslow's proposed complaints in his prior cases were more detailed that the bare bones one he has filed here, but they were also insufficient, for the reasons outlined in the Orders denying *in forma pauperis* status in those cases.

IT IS SO ORDERED.

Dated this 16th day of March, 2018.

Ronald B. Leighton
United States District Judge