HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZACHARY ENSLOW,

        Plaintiff,

v.

WASHINGTON STATE,

        Defendant.

CASE NO. C18-5078 RBL

ORDER

THIS MATTER is before the Court on Plaintiff Enslow's Motion for Leave to Proceed *in forma pauperis*, supported by a slightly revised proposed amended complaint. Enslow continues to claim that he was arrested in Portland for arson, attempted murder and reckless endangerment, and jailed there and in Thurston County for six months before trial. He claims was acquitted on all charges but he does not provide a case name or number. Enslow claims that state and local officials violated all twenty seven of his constitutional rights. He seeks to sue Oregon, Washington, the Thurston County prosecutor, the Thurston County jail, Washington's attorney general, and perhaps others. He seeks $100,000,000 in compensation.

Enslow's complaint is based primarily on the fact that he was acquitted at trial. He claims the fact he won is evidence that he was unconstitutionally charged. But despite the numerous

efforts to articulate how or why any defendant violated his rights, he points out that his attorney successfully cross examined all of the witnesses against him.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed [pleading] that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Enslow has filed at least three cases (each with at least two proposed complaints) all arising out of this same incident and all based on the same conclusory allegations. It remains true that Enslow's acquittal does not by itself state a plausible constitutional claim. It certainly does

not support a broad, vague claim that each participant in his arrest and prosecution violated his rights under all 27 constitutional amendments.

Enslow's latest effort does not meet the *Iqbal* plausibility standard, and he has not met the standard for proceeding *in forma pauperis*. His Motion for Leave to so proceed is DENIED.

Enslow shall pay the filing fee within 21 days or this matter will be dismissed.

IT IS SO ORDERED.

Dated this 23rd day of August, 2018.

_____
Ronald B. Leighton
United States District Judge